**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE ZITO, individually and dba BEST OF THE BAY COLLISION REPAIR,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>    Defendants.<br>_____/ | No. C 06-06508 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 5, 2007:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The parties shall not file written responses to the questions posed in this notice.

The parties each shall have ten (10) minutes to address the following questions:

1. It its reply brief, Plaintiff argues that State Farm General Insurance Company ("State Farm General") responded to Form Interrogatory 3.1 by providing an Illinois address as its principal place of business. Plaintiff contends that State Farm General's response to Form Interrogatory 3.1 is attached to Exhibit B to the Declaration of Steven H. Schultz but has not actually provided State Farm General's response to this interrogatory to the Court. If Plaintiff has State Farm General's response to Form Interrogatory 3.1, Plaintiff is directed to file a copy of it by no later than 4:00 p.m on January 4, 2007.

   If State Farm General stated that its principal place of business is in Illinois in response to an interrogatory, should it be treated as an admission? If so, what weight, if any, should the Court give such admission in determining the location of State Farm General's actual principal place of business with respect to State Farm Mutual Automobile Insurance Company ("State Farm Mutual")'s removal. What authority, if any, do the parties have for their respective positions?

2. Do the parties have anything further to add?

Dated: January 3, 2007

                                            /s/ Jeffrey S. White
                                            JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE