IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE ZITO, individually and dba BEST OF THE BAY COLLISION REPAIR,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>  Defendants.<br>_____/ | No. C 06-06508 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Now before the Court is Plaintiff's motion to remand this action to state court. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiff's motion to remand.

**BACKGROUND**

Plaintiff originally filed this action in San Mateo Superior Court on November 23, 2005, asserting state law claims against State Farm General Insurance Company ("State Farm General") and State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). Plaintiff served both State Farm entities on December 12, 2005. (Declaration of Steven H. Schultz, Ex. B.) On October 17, 2006, Plaintiff dismissed State Farm General from this action. On October 18, 2006, two days before the hearing scheduled on the parties' motions for summary judgment in state court, State Farm Mutual removed this action to federal court, citing diversity jurisdiction as the basis for removal. Plaintiff now moves to remand this matter, arguing that State Farm Mutual's removal was untimely.

The Court will address the additional specific facts as required in the analysis.

## ANALYSIS

### A.  Legal Standards Relevant to Removal Jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

In order to remove on the basis of diversity jurisdiction, the action may be removed only if no defendant is a citizen of the same state as any plaintiff and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. 1332(a)(1). Pursuant to 28 U.S.C. § 1446 "The notice of removal of a civil action or proceeding shall be filed within thirty days, by the receipt of the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief ...." The thirty-day period for filing a notice of removal is triggered when the defendant first receives formal service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999). However, in a diversity case, if the initial pleadings do not indicate that federal diversity jurisdiction is available, the removal period does not begin until additional papers are filed indicating that the case is removable. *See* 28 U.S.C. § 1446(b) (providing that the removal period starts to run when the defendant receives a "paper from which it may first be ascertained that the case is . . . removable."). If the initial pleadings provide some indication that removal is available, it is generally held that the defendant has an

obligation to determine whether or not federal jurisdiction in fact exists. In such a situation, the removal period begins as soon as the defendant receives a paper containing a clue that removal may be available. *Kaneshiro v. North American Co. for Life & Health Ins.,* 496 F. Supp. 452, 460 (D. Haw. 1980) (citing *Grigg v. Southern Pac. Co.* 246 F.2d 613 (9th Cir. 1957)).

### B.   State Farm Mutual Has Not Met Its Burden to Demonstrate Removal Was Timely.

It is undisputed that the amount in controversy exceeds $75,000 and that there is complete diversity between State Farm Mutual, an Illinois citizen, and Plaintiff, who is a California citizen. The crux of the parties' dispute centers around the location of State Farm General's principal place of business, and thus, whether State Farm General is a citizen of California. If State Farm General's principal place of business is in California, then complete diversity between the parties did not exist until State Farm General was dismissed from the case. However, if, as Plaintiff contends, State Farm General's principal place of business is in Illinois, then the case was removable when it was first filed in state court, and the thirty-day window for State Farm Mutual to remove this matter has long since expired.

For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). When a corporation conducts a majority of its business activity in one state, "that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state." *Industrial Tectonics*, 912 F.2d at 1094. In opposition to Plaintiff's motion to remand, State Farm Mutual submits a declaration from the Assistant Vice President of Accounting of State Farm Mutual, stating that 98.7% of State Farm General's direct premiums written in 2005 were in California. (Declaration of Gregg Clapper, ¶ 4.) However, in response to a form interrogatory seeking the address of its principal place of business, State Farm General stated under penalty of perjury that it was "One State Farm Plaza, Bloomington, Illinois, 61701." (Supplemental Declaration of Steven H. Schultz, Ex. C.) A State Farm General employee verified the interrogatory responses on June 30, 2006. (*Id.*)

At the oral argument on Plaintiff's motion to remand, counsel for State Farm Mutual, who was also counsel for State Farm General in this action, attempted to distinguish the "principal place of business" provided in response to the interrogatory from the meaning of "principal place of business" for purposes of determining federal jurisdiction. Relying on *Rosas v. Superior Court*, 25 Cal. App. 4th 671 (1994), State Farm Mutual argued that it had responded to the interrogatory based on what principal place of business means under state law. In *Rosas*, the court held that for purposes of determining venue within California, "a corporation has been deemed bound by its designation of a principal place of business in corporate documents filed with the Secretary of State." *Id*. at 673-74. In support of its argument that "principal place of business" has a different meaning under federal law, State Farm Mutual cites to *State Farm Mutual Auto Ins. Co. v. Pyorre*, 1999 WL 1244141, *2 (N.D. Cal. Dec. 17,1999), in which this court, Judge Jenkins presiding, rejected State Farm Mutual's contention that State Farm General's principal place of business was in Illinois because two-thirds of its policyholder base and its president were in California.

The Court rejects State Farm Mutual's proposition that "principal place of business" has a different meaning under state and federal law, and thus, that State Farm General's interrogatory response should be disregarded. First, State Farm Mutual's characterization of a corporation's principal place of business under California law as the address provided in documents file with the State is overstated. As noted above, *Rosas* merely addresses the meaning of principal place of business for purposes of determining venue within the state. *See Rosas*, 25 Cal. App. 4th at 673-74. Moreover, California courts have recognized that while "generally speaking, a corporation's residence is deemed to be where its principal office or place of business as designated in the articles is located. ... that rule is not of inevitable application. There are many situations in the law where, for purposes of venue and jurisdiction, a corporation has been held to be present in any county where it conducts its operations." *Partch v. Adams*, 55 Cal. App. 2d 1, 6 (1942). Second, the Court notes that if State Farm General was providing its principal place of business based on its understanding of state law, while

4

simultaneously believing that its principal place of business under federal law was California, it could have easily clarified its understanding in its interrogatory response.

The Court finds that in light of the verified interrogatory response in this action stating that State Farm General's principal place of business is in Illinois, State Farm Mutual fails to meet its burden to demonstrate State Farm General's place of business is in California, and thus, that its removal was timely. *See* 28 U.S.C. § 1446(b) (providing that the removal period starts to run when the defendant receives a "paper from which it may first be ascertained that the case is . . . removable."). At the very least, the Court finds that the interrogatory response creates some "doubt as to the right of removal." *See Gaus*, 980 F.2d at 566. Accordingly, the Court grants Plaintiff's motion to remand.

### C. Plaintiff's Request for Attorneys' Fees.

Pursuant to 28 U.S.C. Section 1447(c), Plaintiff requests an award of attorney's fees and costs incurred as a result of State Farm Mutual's allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under Section 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by State Farm Mutual's arguments, the Court does not find that State Farm Mutual's removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Plaintiff's fees and costs under Section 1447(c).

### CONCLUSION

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of San Mateo. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: January 23, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE